UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CHRIS GRUNDER                              ]
     Petitioner,                         ]
                                          ]
v.                                        ]          No. 3:08-0963
                                          ]          Judge Echols/Knowles
JOSEPH EASTERLING, WARDEN                 ]
     Respondent.                        ]

To: Honorable Robert L. Echols, Senior District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N


By an order (Docket Entry No. 3) entered October 6, 2008, the Court referred this action to the Magistrate Judge "for consideration of all pretrial matters".

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254, for writ of habeas corpus, against Joseph Easterling, Warden of the prison, challenging the legality of convictions entered against him in Bedford County.

Venue for a § 2254 action is governed by 28 U.S.C. § 2241(d). That provision requires that a habeas corpus action be brought in either the judicial district of petitioner's convictions or the judicial district of his current incarceration.

In this case, the petitioner was convicted in Bedford County, which lies in the Eastern District of Tennessee. 28 U.S.C. § 123(a)(4). He is currently incarcerated in a penal facility in Hardeman County, which is in the Western District of Tennessee. 28 U.S.C. § 123(c)(1). It therefore appears that venue for this action is proper in either the Eastern or Western Districts of Tennessee,

but not in this judicial district.

A petitioner's place of confinement may change from time to time while the district of his convictions will remain constant. For this reason, it has been the consistent practice in the federal courts of Tennessee to transfer habeas petitions to the judicial district in which the convicting court is located. Here, the petitioner is challenging convictions entered against him in Bedford County. Hence, venue for this action properly rests in the United States District Court for the Eastern District of Tennessee.

# R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned respectfully RECOMMENDS that, to cure a defect in venue, this action be TRANSFERRED to the United States District Court for the Eastern District of Tennessee, Winchester Division at Winchester, Tennessee. 28 U.S.C. § 1406(a).

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

E. Clifton Knowles
United States Magistrate Judge